## HENRY CONNELLY, Appellant, v. MON CHUNG, Respondent.

### No. 2923; July 11, 1872.

**Tide Land—Reclamation.—A Patent for Land, Although Purporting** to have been issued under the state act of April 21, 1858, for the sale and reclamation of swamp and overflowed lands, was, whether made before or after the act of May 14, 1861, which refers to reclamable tide lands, ineffectual to pass any title if the subject of the patent was tide land incapable of reclamation.

**Public Land.—A Patent for Land Issued Without Authority** is open to collateral attack in an action of ejectment.

APPEAL from Seventh Judicial District, Solano County.

G. S. Hilborn for appellant; M. A. Wheaton for respondent.

BELCHER, J.—The action is ejectment to recover the possession of a lot of land described as lot 2 of block 280, in the city of Vallejo. At the trial the plaintiff deraigned title to the demanded premises under a patent from the state of California purporting to convey twenty-five and eighty-eight hundredths acres "of state tide lands," bounded on one side by a line drawn along the "bank" of Napa bay, and on the other by "the line of low-water mark at spring tide," and having a width at one end of three and forty-five hundredths chains and at the other of four and seventeen hundredths chains.

The patent bore date April 3, 1863, and purported to have been issued under the provisions of the act of the legislature of the 21st of April, 1858, entitled "An act providing for the sale and reclamation of the swamp and overflowed lands of this state." The plaintiff also proved that the lot in question was tide land situate between the lines of ordinary high and low tides.

No testimony being offered on the part of the defendant, the court rendered judgment against the plaintiff on the ground that he had failed to show any legal right or title to the premises sought to be recovered.

The appeal is from the judgment and from an order denying the plaintiff's motion for a new trial.

The appellant insists: first, that the act of the 21st of April, 1858, authorized the officers, who were charged with the duty of selling and conveying the state's lands, to sell and convey the particular lands described in the patent; second, that if that act did not authorize the sale of these lands, still that the sale was ratified and confirmed by the act of the 14th of May, 1861, entitled "An act to provide for the sale of the marsh and tide lands of this state," or if made after the date of that act, that it was authorized by it; and third, that the defendant, having failed to show himself in privity with the source of title to the lands, cannot be heard to contest the validity of the patent.

In People v. Morrill, 26 Cal. 336, a patent had been issued by the state for one hundred and sixty acres of land described as state tide lands and situated in part upon the sea beach between the lines of high and low water mark and in part under the waters of the ocean. The patent purported to have been issued under the act of April 21, 1858, and it was claimed in that case, as in this, that the sale and patent were authorized by that act, and if not by that act, then by the act of May 14, 1861. After a very full and exhaustive consideration of the scope and effect of both acts it was held by the court that nothing was offered for sale by the former act, except the swamp and overflowed lands which the state holds under the grant by Congress of September 28, 1850, and such channels of greater or less width, through which the tide ebbs and flows, as are found threading the lands denominated "salt marsh" lands. It was also held that the act of May 14, 1861, authorized the sale only of such tide lands as are capable of reclamation, and not such as are irreclaimable in character.

By its terms the act ratified and confirmed the sales of all marsh and tide lands that had been made in accordance with the provisions of any of the acts of the legislature providing for the sale of the swamp and overflowed lands belonging to the state, and authorized sales of such lands to be made thereafter. As the sale under consideration by the court in that case was unquestionably made after the passage of the act, it was held not to fall within the class of sales which the act was intended to ratify. The language, however, used by the court was as applicable to the one class as the other.

In this case it does not appear at what time prior to the issuance of the patent in April, 1863, the sale was made, but whether made before or after the passage of the act of 1861, if the land was tide land incapable of reclamation, we must hold, under the authority of People v. Morrill, supra, that the attempted sale of it was ineffectual to pass to the patentee any title.

It is already seen that the lot in controversy lies between ordinary high and low water mark, and that the whole land covered by the patent is a narrow strip situated on the margin of Napa bay, having one of its sides bounded by a line drawn along the "bank" of the bay and the other by the line of low-water mark at spring tide.

Tide lands are not reclaimable, within the meaning of the word as used in People v. Morrill, because they may be filled in till the surface is raised above the water, and they are thus made available. Such lands are called "made lands" and not "reclaimed lands."

It is apparent, we think, that the act of 1858 did not authorize the sale of the lot in controversy, and that being between ordinary high and low water mark, it was not capable of reclamation, and, therefore, the sale of it was not ratified or authorized by the act of 1861.

If this be so, the patent as to this lot at least was issued without authority, and may be attacked collaterally in an action of ejectment: Doe v. Winn, 11 Wheat. (U. S.) 380, 6 L. Ed. 500; Doll v. Meador, 16 Cal. 324.

Judgment and order affirmed.

We concur: Crockett, J.; Niles, J.; Rhodes, J.; Wallace, C. J.